## W. A. PERKINS *v*. JOHN B. SCOTT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—589, 596, 608.]

**Subrogation of Surety.**

A surety who has paid off the debt to secure which the property has been attached is entitled to be, subrogated to the rights of the creditor whose claim he has paid.

### APPEAL FROM DAVIESS CIRCUIT COURT.

February 13, 1886.

OPINION BY JUDGE PRYOR:

We perceive no error in the judgment below as to the priority of liens between the appellee, Berry, and the appellant, Perkins. The improvements were placed on the lot prior to March, 1880, but with money belonging to the debtor and with a view of protecting him as against his creditors. That the conveyance to the wife was fraudulent is clearly shown, and that all the estate of the debtor is placed upon it in the shape of improvements would indicate a purpose to defraud not only pre-existing creditors, but those whose debts were subsequently created. It is difficult to say when the improvement was furnished, and the interval between its completion and the creation of the small debt was of such short duration, the purpose to defraud being clearly shown, that the chancellor acted properly in making his judgment embrace the three notes of the appellee, Berry. The averments of the petition authorize the proof in regard to the improvements and sustain the judgment.

H. W. Scott, who as between himself and J. W. Scott was the mere surety in the large note, being a party to the action and having paid off the debt to secure which the property had been attached, was entitled to be substituted to the rights of Berry. General Statutes, 1883, ch. 104, § 9, has no application to the principle involved in this case. This statute enlarges the remedy of the surety who pays off the judgment by giving him a right to an assignment of the judgment, that he may sue out execution or control it for his own benefit.

It prevents a multiplicity of suits by giving to the surety the

benefit of the judgment the creditor has obtained, but will not prevent the surety who is a party to the controversy from asking the chancellor to render the judgment for him instead of the creditor, the surety having during the progress of the action paid off the debt. The fact that he had satisfied the debt entitled him to all the liens the creditor had for its security, whether in the nature of an attachment or mortgage. It is further insisted by the appellant, that as one of the obligors, H. W. Scott, was solvent and had property out of which the debt could be made the attachment should have been discharged. That there was danger of losing the debt is not one of the grounds relied on for the attachment, but it was based upon the fact that the debtor had made a fraudulent disposition of his property, and if so, the creditor had the right to his attachment, although there were one or more sureties to the note.

It is claimed that H. W. Scott, in filing his pleading asking for subrogation, failed to have a summons served on J. W. Scott, and therefore Perkins, the junior attaching creditor, has the preference over him. J. W. Scott, the real debtor, is satisfied with the judgment. He is not complaining, and the appellant, Perkins, can not complain for him, when the record shows that both of the Scotts were parties to the original action, and the one being secondarily liable having paid the debt was substituted to the rights of the plaintiff. Perkins had the right to litigate the question of priority in the court below, and did assert his lien over that of H. W. Scott; and on the facts, the equitable right to subrogation being clearly shown, we perceive no reason for reversing a judgment in behalf of one who seems to be satisfied with it, and at the instance of a party who from the facts of the record could not be entitled to the relief he claims.

The conveyance from J. B. Scott to his brother, T. P. Scott, was not fraudulent. J. B. Scott had paid nothing for the realty conveyed to him by his father. The consideration for the deed from the father to him, was that the latter would live with and aid him in his declining years, and J. B. Scott having left his father, the latter agreed that he should make the deed to T. P. Scott upon a like consideration. These parties all swear to the arrangement. Nor is it unreasonable that such a transaction should take place; and the son having acted in making the conveyance to his brother in accordance with his contract, and never having paid any considera-

tion for the property to his father, we see no such fraudulent conduct as would require the property to be subjected to the payment of J. B. Scott's debts.  In fact, if the statements made are to be relied upon, he acted in the best faith and in compliance with not only the wishes of the father, but in accordance with the. contract made at the time he accepted the deed.

The judgment is therefore *affirmed* on the original and cross-appeal.

*W. U. & J. J. Sweeney, Walker, for appellant.*
*Williams & Powers, R. W. Slack, E. W. Hines, for appellees.*
[Cited, *Dine v. Donnelly,* 134 Ky. 790, 121 S. W. 685.]